UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORP., a Washington corporation,<br><br>　　　　　Defendant. | CASE NO. 07CV0090 JLS (WMC)<br><br>**STIPULATED PROTECTIVE ORDER** |

　　WHEREAS, plaintiff Bare Escentuals Beauty, Inc. ("Bare Escentuals") and defendant Costco Wholesale Corp. ("Costco") agree that discovery in this action may involve disclosure of certain sensitive or proprietary business and personal information about the parties, non-parties requested to produce documents, and the businesses of the parties and non-parties;

　　ACCORDINGLY, the parties, by and through their respective undersigned counsel of record, therefore stipulate to the following protective order and procedures for handling such information, which will apply to all documents, testimony, tangible things, materials, items, and/or information produced

by the parties or non-parties during discovery and designated as Confidential or Attorneys' Eyes Only (as those terms are defined below) by the producing person or entity:

1. All documents, testimony, tangible things, materials, items, and/or information that may contain or comprise confidential research, development, or commercial information produced, testified to, or submitted during the course of the above-captioned action, either by a party or by a nonparty ("Confidential Information") shall be governed by this Stipulated Protective Order (the "Order"). This Order shall be effective and binding upon the parties upon entry by the Court. However, by stipulating to this Order, Costco is <u>not</u> waiving its right to seek review of the Magistrate Judge's September 24, 2007 Order, or to request that the Court enter a more restrictive protective order with respect to Costco's vendor information.

2. Counsel of record may designate Confidential Information as "Confidential." Materials shall be deemed designated as "Confidential" when physically marked with the legend "CONFIDENTIAL."

3. Counsel of record may designate as "Attorneys' Eyes Only" financial or competitively sensitive or proprietary Confidential Information of the following nature which is not normally revealed to third parties or which the disclosing party would otherwise require third-parties to maintain in confidence:

   (a) Non-public financial information, including, without limitation, information regarding personal or business-related financial data, actual or projected revenues, expenses, profits,

losses, and/or compensation;

(b)  Non-public business plans and strategies, including, without limitation, marketing strategies, sales strategies, product information, and/or documents relating to agreements and business relationships with third parties; and

(c)  Non-public trade secrets;

(d)  Vendor identities, except as noted in paragraph 5.

Confidential Information shall be deemed designated as "Attorneys' Eyes Only" when physically marked with the legend "ATTORNEYS' EYES ONLY."

4.  Confidential Information designated "Confidential" pursuant to Paragraph 2 may be disclosed only to the following persons:

(a)  The attorneys of record and in-house attorneys for the parties, including without limitation, employees and support staff of the attorneys, legal support service personnel, and their employees;

(b)  Independent experts and consultants and their employees.  Prior to receiving documents or information designated as Confidential, each such party or person shall sign an acknowledgment (attached as Exhibit A) that such person has read and agrees to abide by this Order;

(c)  The Court and Court personnel;

(d)  Persons to whom the documents already would be lawfully available outside of this litigation, such as third party authors or recipients of the documents;

(e)  The parties, including officers, directors, board members, and employees of corporate parties; and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\603484.3

3

Case No. 07CV0090 JLS (WMC)
Stipulated Protective Order

    (f)  Such other persons as are designated by written agreement by the producing party or by Court order.

    5.  Notwithstanding the foregoing, the information regarding the identity of Costco's supplier that is the subject of the Court's Order dated September 24, 2007 shall be designated "Confidential" and shall only be disclosed to those persons listed above in paragraph 4(a)-(c), as well as to Bare Escentuals' COO/CFO and VP of Operations and any of their support staff who are absolutely necessary to adequately understand and review the information.  Again, by stipulating to this Order, Costco is **not** waiving its right to seek review of the Magistrate Judge's September 24, 2007 Order, or to request that the Court enter a more restrictive protective order with respect to Costco's vendor information.

    6.  Confidential Information designated "Attorneys' Eyes Only" pursuant to Paragraph 3 may be disclosed only to the following persons:

    (a)  The attorneys of record and in-house attorneys for the receiving party and others to whom the attorneys of record reasonably believe it necessary to show the documents, including without limitation, employees and support staff of the attorneys, legal support service personnel and their employees;

    (b)  Independent experts and consultants and their employees.  Prior to receiving documents or information designated as Attorneys' Eyes Only, each such party or person shall sign an acknowledgment (attached as Exhibit A) that such person has read and agrees to abide by this Order;

    (c)  The Court and Court personnel;

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\603484.3

4

Case No. 07CV0090 JLS (WMC)
Stipulated Protective Order

  (d) Persons to whom the documents already would be lawfully available outside of this litigation, such as third party authors or recipients of the documents; and

  (e) Such other persons as are designated by written agreement by the producing party or by Court order.

  7. Any party may designate deposition testimony by any witness, or any portion thereof, as Confidential or Attorneys' Eyes Only at the time of the deposition by making the designation on the record at the time of the deposition or by written notice to all counsel of record within ten (10) business days after receipt of the written transcript.

  8. Any party receiving Confidential Information designated as Confidential or Attorneys' Eyes Only has the right to challenge any such designation pursuant to Paragraph 13 below.  The parties may, at any time after the time periods set forth herein, designate Confidential Information as Confidential or Attorneys' Eyes Only by agreement of the parties or upon leave of Court.

  9. "Disclosure" and "disclosed" as used in this Order and the attached Exhibit A shall include, without limitation, allowing or failing to take reasonable steps under the circumstances to prevent: (1) visual inspection of a designated document (or any summary, description, abstract, or index thereof) by an individual not authorized under this Order; or (2) any communication that reveals, reflects, paraphrases, conveys, or otherwise discloses the substance or form of all or any information that has been part of a designated document (or any summary, description, abstract, or index thereof) to an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\603484.3

5

Case No. 07CV0090 JLS (WMC)
Stipulated Protective Order

1  individual not authorized under this Order.

2      10.  If a party producing Confidential Information
3  inadvertently produces Confidential or Attorneys' Eyes Only
4  materials without marking it with the appropriate legend, the
5  party producing the Confidential Information may give written
6  notice within thirty (30) days after production that the
7  materials shall be treated as if marked as "Confidential" and
8  "Attorneys' Eyes Only," and it shall thereafter be treated as
9  such.  However, prior to receiving that written notice, the
10 parties may use the unmarked information or materials in any way
11 they deem reasonably appropriate.

12     11.  Confidential Information to be presented to the Court
13 shall be provided under a caption, labeled "CONFIDENTIAL
14 INFORMATION SUBJECT TO PROTECTIVE ORDER OF THE COURT" and lodged
15 or filed, if lodged or filed at all, under seal with a notice
16 attached to such filing.  Attorneys' Eyes Only Confidential
17 Information to be presented to the Court shall be provided under
18 a caption, labeled "ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO
19 PROTECTIVE ORDER OF THE COURT" and lodged or filed, if lodged or
20 filed at all, under seal with a notice attached to such filing.
21 A party that objects to lodging or filing Confidential
22 Information presented to the Court under seal remains free to
23 file a motion or application so objecting.

24     12.  The disclosing person, entity, or party, and all other
25 parties to this action may agree in writing or on the record,
26 without further order of this Court, to allow disclosure of
27 documents or information to an individual who otherwise would
28 not be authorized to receive such documents or information

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\603484.3

6

Case No. 07CV0090 JLS (WMC)
Stipulated Protective Order

1  hereunder.

2     13.  Counsel of record for any party (the "Notifying
3  Party") may at any time serve a written notice upon all other
4  counsel of record, including counsel for the person or entity
5  producing discovery designated as Confidential or Attorneys'
6  Eyes Only (the "Producing Party"):  (1) objecting to a
7  Confidential or Attorneys' Eyes Only designation made by the
8  Producing Party; (2) proposing to disclose Confidential
9  Information designated as Confidential or Attorneys' Eyes Only
10 to an individual to whom such disclosure is not authorized by
11 this Order; or (3) proposing to designate as Confidential or as
12 Attorneys' Eyes Only any such Confidential Information which the
13 Producing Party failed to so label.  The parties shall attempt
14 to resolve any dispute concerning (1), (2) or (3) in good faith.
15 If the parties' attempt is unsuccessful, the Notifying Party may
16 move, by noticed motion, for an order changing the designation
17 of the documents or information at issue and/or authorizing the
18 disclosure of certain documents or information to a specific
19 person not otherwise permitted hereunder.  If any such dispute
20 is submitted to the Court, then the Confidential Information
21 referred to in such further notice will retain its original
22 designation as either Confidential or Attorneys' Eyes Only and
23 shall be submitted to the Court in the manner set forth in
24 Paragraph 11 until a ruling by the Court, and thereafter shall
25 be classified in accordance with such ruling.  However, with
26 respect to (3), the Confidential Information at issue shall be
27 immediately designated as Confidential or Attorneys' Eyes Only
28 as requested by the Notifying Party until the parties and/or the

1  Court resolve the dispute.  The Court shall make an independent
2  determination as to whether any disputed Confidential
3  Information is to be protected from disclosure and this Order
4  shall not alter the burden of proof as to this issue.
5  14.  Within thirty (30) days of the final termination of
6  this action, by judgment or otherwise, all parties and persons
7  subject to the terms of this Order shall either: (1) assemble
8  and return all Confidential and Attorneys' Eyes Only
9  Confidential Information to each party producing such
10 Confidential Information; or (2) destroy all Confidential and
11 Attorneys' Eyes Only Confidential Information and provide the
12 party producing such Confidential Information with written
13 notice of such destruction.  Notwithstanding the foregoing, each
14 party may retain motion papers, briefs, memoranda of law,
15 transcripts of depositions and court proceedings, written
16 responses to discovery requests, and/or any other pleadings
17 filed with the Court in this action, and any attorney work
18 product.  This Order shall continue to apply to the documents
19 retained by any party in accordance with the preceding sentence.
20  15.  This Order shall not affect any party's right to
21 object to the use in this litigation of Confidential and/or
22 Attorneys' Eyes Only Confidential Information on any ground or
23 to use its own documents or other documents lawfully obtained
24 from a third party in any manner permitted by law.  Consent to
25 and entry of this Order shall not restrict the right of any
26 party to file an application for an order seeking modification
27 of this Order or further protection, nor shall it restrict the
28 right of any party to object, as permitted by law, to any

1  discovery requests directed to a party or third party, as
2  appropriate.

3     16.  Neither this Order nor the designation of any material
4  as Confidential or Attorneys' Eyes Only shall constitute an
5  admission or acknowledgment by any party that any such material
6  is, in fact, confidential, proprietary, or otherwise
7  protectable.  The fact that material has been designated under
8  this Order shall in no way prejudice the right of any party to
9  contest the confidential or proprietary nature of any material,
10 at the time of trial or otherwise.

11    17.  The Court shall determine at the time of trial how
12 Confidential and Attorneys' Eyes Only material shall be handled,
13 consistent with the purposes of this Order.

14    18.  This Order shall not prejudice or affect any party's
15 right to object to the authenticity or admissibility of any
16 evidence at the time of trial or as to any motion in which such
17 evidence may be offered.

18    IT IS SO STIPULATED.

19 Dated: October 1, 2007        LATHAM & WATKINS LLP

                                By:    /s/ Jennifer L. Barry
                                    Jennifer L. Barry
                                    Attorneys for Plaintiff
                                    BARE ESCENTUALS BEAUTY, INC.

24 Dated: October 1, 2007        GREENBERG GLUSKER FIELDS CLAMAN
                                 & MACHTINGER LLP

                                By:    /s/ Norman H. Levine
                                    Norman H. Levine
                                    Attorneys for Defendant
                                    COSTCO WHOLESALE CORP.

**ORDER**

This Order is subject to further court order based upon public policy or other reasons and may be modified *sua sponte* in the interests of justice. Therefore, having reviewed the terms of the above Stipulated Protective Order, and for good cause showing, it is hereby ORDERED that the above Stipulated Protective Order is now in effect in this case.

**IT IS SO ORDERED.**

Dated: October 10, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

**EXHIBIT A: NONDISCLOSURE AGREEMENT**

I, _____, acknowledge that I have been given a copy of and have read the Stipulated Protective Order (hereafter, the "Order") in <u>Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.</u>, Case No. 07 CV 0090 JM (WMC), and I agree to be bound by its terms. I have been retained by _____ in this matter and otherwise am not employed by or affiliated with any party or any competitor of any party to this litigation.

I acknowledge and agree that any documents received, viewed or prepared by me in connection with this matter that have been designated Confidential and/or Attorneys' Eyes Only, and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order and shall be returned to counsel with whom I have consulted upon request or at the conclusion of the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed on _____, 200__.

_____          _____
Signature                      Print Name