# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARE ESCENTUALS BEAUTY, INC.,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>COSTCO WHOLESALE CORP,<br>　　　　　　　　　　　Defendant. | CASE NO. 07CV90<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REVIEW** |

Presently before the Court are Defendant's motion for review of Magistrate Judge McCurine's September 24, 2007 order granting Plaintiff's motion to compel discovery [Doc. No. 25], Plaintiff's Opposition [Doc. No. 29], and Defendant's Reply [Doc. No. 30.]  For the following reasons, this Court **DENIES** Defendant's motion.

## BACKGROUND

Plaintiff Bare Escentuals ("Plaintiff") sells high-end cosmetic products that are sold in "upscale" department and beauty stores and in its own retail boutiques. [Pl.'s Opp. at 3.] Defendant Costco ("Defendant") is a well-known, national operator of discount, membership warehouses. [Def.'s Motion at 4.] In December of 2006, Plaintiff learned that Defendant was selling its products at deeply discounted prices. [Pl.'s Opp. at 3.] Plaintiff became concerned that the products that were being sold by Defendant were either counterfeit, stolen, or acquired by

1 | Defendant from an unauthorized supplier.  [Id. at 3.]

2 |     On January, 12 2007, Plaintiff filed a lawsuit against Defendant for trademark infringement
3 | and unfair competition.  [Id. at 4.]  Defendant answered Plaintiff's complaint on February, 9, 2007,
4 | raising twelve affirmative defenses.  [Id.]  During a meeting between the parties, Plaintiff's
5 | counsel requested that Defendant divulge the name of its supplier of Plaintiff's cosmetic products.
6 | [Def.'s Motion at 4.]  In response, Defendant's counsel objected to the disclosure on trade secret
7 | grounds.  [Id.]

8 |     At an April 13, 2007 status conference, Magistrate Judge McCurine ("Magistrate") set a
9 | briefing schedule to resolve the issue.  [Id.]  Pursuant to the Magistrate's order, the parties filed
10 | simultaneous letter briefs on April 23, 2007 and simultaneous supplemental letter briefs on May 1,
11 | 2007.  [Id. at 5.]  The Magistrate then held a telephonic hearing on June 13, 2007, at which he
12 | allowed the parties to be heard and announced his tentative ruling to compel disclosure.  [Id.]

13 |     On September 24, 2007, the Magistrate held another telephonic hearing and stated that it
14 | was not necessary to rule on whether the supplier's name was a trade secret, and that even if it was
15 | a trade secret, disclosure was still warranted.  [Magistrate Judge's Order at 2-3; Doc. 21.]
16 | Therefore, he ordered Defendant to disclose, in writing, the identity of its supplier of products
17 | bearing Plaintiff's marks and also stated that the disclosure would be subject to a protective order
18 | stipulated to by the parties.  [Pl.'s Opp. at 5.]  The Magistrate followed the oral ruling with a short
19 | written order on September 24, 2007, directing the parties to submit a stipulated protective order
20 | consistent with his ruling and directing Defendant to disclose in writing the identity of its supplier.
21 | [Pl.'s Opp. at 6.]  The parties submitted the stipulated protective order on October 1, 2007 and it
22 | was entered on October 11, 2007.  [Id. at 7.]

23 |     Defendant has now filed a motion for review of the Magistrate's order, requesting that this
24 | Court vacate the order and enter a new order denying the discovery without prejudice, or in the
25 | alternative, order an in camera review of the information.

26
27
28

## LEGAL STANDARD

District courts review a magistrate judge's pretrial order under a "clearly erroneous or contrary to law" standard. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 72(a); accord 28 U.S.C. § 636(b)(1)(A); Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991) (stating that a magistrate judge's decision on nondispositive issues should be reviewed under the "clearly erroneous" standard). As one district court described:

> This Court's function, on a motion for review of a magistrate judge's discovery order, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law.

Paramount Pictures Corp. v. Replay TV, 2002 WL 32151632, at * 1 (C.D. Cal. 2002). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Anderson v. Equifax Info. Services LLC, 2007 WL 2412249, at *1 (D. Or. 2007) ("Though Section 636(b)(1)(A) has been interpreted to permit de novo review of the legal findings of a magistrate judge, magistrate judges are given broad discretion on discovery matters and should not be overruled absent a showing of clear abuse of discretion.").

## ANALYSIS

Defendant argues: (1) that the name of the supplier is a trade secret; (2) that disclosure of trade secret information is only proper when the Court finds it is relevant and necessary to the prosecution or defense of a particular case; and (3) the Magistrate improperly ordered disclosure based on a "relevance" standard without determining whether the information was "necessary."

Plaintiff contends: (1) Defendant's argument that the supplier's name is a trade secret is irrelevant to the adjudication of this motion because the Magistrate ruled that disclosure was warranted whether or not it was a trade secret; and (2) the Magistrate followed the law in finding the supplier's name was relevant and "necessary." For the following reasons, this Court agrees.

**I.      The Magistrate Judge's Ruling Should Not Be Vacated**

A recent case from the Northern District of California discussed discovery of trade secret information.

> Fed. R. Civ. P. 26(c)(7) states that a party may obtain a protective order to protect "trade secrets or other confidential research, development, or commercial information." To obtain a protective order based upon a trade secret, the party seeking protection "must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." Centurion Industries Inc. v. Warren Steurer & Assocs., 665 F.2d 323, 325 (10th Cir. 1981). The burden then shifts to the party seeking the discovery to demonstrate that the information is relevant and "necessary to prepare the case for trial." In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991). The court must then weigh the risk of disclosure of the trade secret to unauthorized parties with the risk that a protective order will impede prosecution or defense of the claims. Id. Once the moving party has established relevance and necessity, "the discovery is virtually always ordered." Compaq Computer Corp., 163 F.R.D. 329, 338 (N.D. Cal. 1995) (citing Coca-Cola Bottling Co. v. Coca-Cola Co., 107 F.R.D. 288, 293 (D. Del. 1985)).

Trevino v. ABC Am., Inc., 232 F.R.D. 612, 617 (N.D. Cal. 2006); see also Hartley Pen Co. v. United States District Court, 287 F.2d 324, 331 (9th Cir. 1961) ("[T]he burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or the defense of the case before a court is justified in ordering disclosure.").

In the present action, the Magistrate declined to rule on whether the supplier's name was a trade secret. [Magistrate Judge's Order at 3.] Instead, he ruled that disclosure was warranted whether the it was a trade secret or not. [Id.] Additionally, the Magistrate responded to Defendant's concerns for secrecy by issuing a protective order. [Id. at 1-3.] Therefore, the only question before this Court is whether the Magistrate properly followed this "relevant and necessary" standard in ordering disclosure in conjunction with the protective order.

Defendant argues that in order for Plaintiff to demonstrate that disclosure is "necessary," it must make a "particularized" showing based on admissible evidence. [Def.'s Motion at 21 (citing a state court opinion and a 1974 North Carolina district court opinion in support).] Defendant states that plaintiff failed to make such a particularized showing, and that, therefore, the Magistrate improperly ordered disclosure. [Id.]

Courts in this circuit have not thoroughly addressed what a plaintiff must show or what a court must find to satisfy this "necessary" requirement. Nevertheless, here, the Magistrate went

- 4 -

07cv90

1  well beyond a mere relevance analysis in determining disclosure was warranted.

2  For example, in the oral ruling the Magistrate stated:

> I believe that Costco has raised the supplier status in its–at least three of its affirmative defenses, and yet does not want to disclose the name, when it is clear to both litigants that the identity of the supplier is <u>relevant</u> to both sides, claims or defendants–or defenses. Thus Costco's position is just not acceptable under the present facts.

[Magistrate Judge's Order at 4 (emphasis added).] After finding the information relevant, the Magistrate added:

> Under the fourth affirmative defense, Costco pleads that it purchased the goods at issue [in] this action in good faith, for valuable consideration, and without any notice of any claim of Plaintiff, and that affirmative defense <u>begs the disclosure</u> of the identity of the supplier. The fifth affirmative defense is the claims alleged in the complaint abarred (sic) by the doctrine of waiver. <u>And I don't know how that can be decided without understanding who the supplier is to Costco.</u> And obviously, there's the eighth affirmative defense, which relies on the first sale doctrine. Now I know that Costco felt that we could engage in this process of submitting the information in-camera for me to review as a first stage process, but that seems wholly unnecessary and not productive and a waste of this Court's judicial time and resources to engage in, what I believe, is an unnecessary interim step. So if only the first sale doctrine was an affirmative defense, I would feel obliged to allow Bare Escentuals to have this information, either by discovery or–and really in a very real sense, it should have been part of the Rule 26 disclosures.

[<u>Id.</u> at 4-5 (emphasis added).] This analysis illustrates that the Magistrate found the supplier's name was relevant and necessary to the prosecution and the defense of the case. Thus, although the Magistrate did not explicitly state disclosure was "necessary," the analysis reveals that this essentially was his finding.

Furthermore, the Magistrate weighed Defendant's concerns and ordered that the parties stipulate to a protective order. [Doc. No. 20.] The stipulated protective order allows the parties to designate information as "Confidential" or "Attorney's Eyes Only." [Stipulated Protective Order ¶¶ 1-3; Doc. 27.] Information designated "Attorney's Eyes Only" may be disclosed only to counsel, independent experts, the Court, the Court's personnel, and others to whom the information is already readily available. [<u>Id.</u> ¶¶ 4-5.] Information designated "Confidential" may also be disclosed to the parties. [<u>Id.</u>] The order specially provides for a heightened protected status for the information at issue, somewhere in between "Confidential" and "Attorney's Eyes Only."

> Notwithstanding the foregoing, the information regarding the identity of Costco's supplier that is the subject of the Court's Order dated September 24, 2007 shall be designated "Confidential" and shall only be disclosed to [counsel, independent experts, the Court and court personnel], as well as to Bare Escentuals' COO/CFO and VP of Operations and any of their support staff who are absolutely necessary to adequately understand and review the information.

[Id. ¶ 5.]

Thus, this Court finds that Magistrate Judge McCurine properly found that disclosure was relevant and "necessary" and adequately balanced Defendant's concerns by issuing the stipulated protective order. In sum, the Magistrate Judge did not abuse his broad discretion and his decision was not contrary to the law.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's motion to review the Magistrate's order compelling discovery.

IT IS SO ORDERED.

DATED: December 11, 2007

Honorable Janis L. Sammartino
United States District Judge